UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM CHARLES SELLERS,
Plaintiff,

vs. Case No.: 3:26cv4673/TWK/ZCB

FRANNIE NATALIE, et al.,
Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* in this civil action. Before the Court is Plaintiff's amended complaint. (Doc. 8). Upon review of the amended complaint, the Court finds that it is an impermissible shotgun pleading. Because Plaintiff previously submitted a shotgun pleading and was notified of the deficiencies and provided an opportunity to amend, (Docs. 1, 4), this case should be dismissed.

## I. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.

R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or

another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint is a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). Here, Plaintiff adopts all allegations in his factual statement, and his last count specifically adopts every preceding allegation. (Doc. 8 at 6-7). Pleading in such a way causes Plaintiff's last count "to be a combination of the entire complaint." *Id.* at 1325; *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (finding a shotgun pleading realleging all prior allegations leads "to a situation where most of the

counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"). This "mortal sin of re-alleging all preceding counts" is flatly prohibited. *Weiland*, 792 F.3d at 1322; *see Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading—the sort of pleading we have been roundly condemning for 30 years.").

For the reasons above, Plaintiff's amended complaint is a shotgun pleading because it fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Plaintiff previously filed a shotgun pleading (Doc. 1), and the Court informed Plaintiff about the deficiencies in that pleading. (Doc. 4). Plaintiff was also advised that a failure to correct the identified deficiencies in an amended complaint would result in a recommendation of dismissal. (*Id.* at 7-8). Plaintiff, however, has filed an amended complaint that is also a shotgun pleading. Thus, dismissal is warranted. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). (explaining that the

district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading).

## II. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 8) be **DISMISSED without prejudice** as an impermissible shotgun pleading.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 15th day of October 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.